United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAHIN HABIEBH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al*.,

Respondents.

Case No. 1:26-cv-06103-NW

**ORDER GRANTING PETITIONER'S MOTION FOR A TRO**

Re: ECF No. 2

Because the issues presented by the motion are time sensitive, this Order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, as well as the substance of the petition for writ of habeas corpus, motion, and subsequent briefing. For the reasons that follow, the Court grants Petitioner's Motion for a Temporary Restraining Order and orders his immediate release.

Briefly, Petitioner Shahin Habiebh is a twenty-six-year-old citizen of the Netherlands. ECF No. 1 at 1. In September 2023, he was lawfully admitted to the United States on the Visa Waiver Program ("VWP") with an expiration in November 2023. *Id*. at 6. On October 11, 2024, Petitioner submitted an application for asylum with USCIS, in which he disclosed his address. *Id* at 6, 28–39. He also applied for work authorization with USCIS, which was granted and allegedly remains valid through 2030. *Id*. at 51. In September of 2025, Petitioner got engaged to a United States citizen, and the two planned to marry. *Id*. at 50.

In February 2026, Petitioner's asylum application was referred to an Immigration Judge for "asylum only" proceedings in the Newark Immigration Court in Newark, New Jersey. ECF No. 1 at 26–27. He received notice of this through the mail. *Id*. at 6. Though immigration authorities were made aware of his presence in the United States and home address through the filing his

asylum application, Petitioner was not detained at the outset of his asylum proceedings, nor when he attended a hearing in the Immigration Court on June 8, 2026. ECF No. 1 at 2, 41.

Petitioner was taken into ICE custody during a traffic stop on June 17, 2026. ECF No. 1 at 2. Petitioner claims to have been working at the time. *Id*. at 15. The instant petition for writ of habeas corpus and motion for a temporary restraining order followed.

Petitioner has shown a strong likelihood that he was entitled to a pre-deprivation hearing prior to his detention. Courts in this district have held that "a noncitizen who has lived at liberty while his immigration case proceeds—pursuant to the Government's affirmative decision *not to detain him*—holds a protected liberty interest in remaining free from custody." *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (emphasis added); *Anderson v. Chestnut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026); *Jie Yu v. Field Office Director*, No. 1:26-CV-04648-MWJS, 2026 WL 1893576, at *2 (E.D. Cal. June 30, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954-DAD-CKD, 2026 WL 797930 (E.D. Cal. Mar. 23, 2026).

Here, Petitioner applied for asylum and received worth authorization from USCIS in 2024. Immigration Authorities proceeded to process his asylum claim by referring the case to an Immigration Judge and holding an initial hearing. Petitioner remained at liberty through this entire process. "Although the government did not detain and then release [Petitioner], it made a decision not to detain h[im] in the first place; Petitioner thus has the same liberty interest in h[is] continued freedom as an individual initially detained[,]" and was entitled to process prior to deprivation of that liberty. *Kharitonova v. Albarran*, 2026 WL 531441 (N.D. Cal. Feb. 18, 2026); *see also Quispe v. Chestnut*, No. 1:25-cv2002 CSK, 2026 WL 654577, at *3 (E.D. Cal. Mar. 9, 2026) (ordering release of VWP overstay because, among other things, petitioner "should have been provided [a pre-deprivation] hearing *before* she was detained.").

Respondents, however, argue that Petitioner's detention without bond is authorized under 8 U.S.C § 1187(c)(2)(E). ECF No. 10 at 2–3. Application of § 1187(c)(2)(E)—as Respondents candidly acknowledge—has been rejected by federal courts within and outside this district as

United States District Court
Eastern District of California

"[n]othing in [§ 1187(c)(2)(E)] provides DHS authority to arrest and detain someone who has overstayed the period permitted by the VWP." *Wei v. Chestnut*, No. 1:26-CV-01065-DJC-CKD, 2026 WL 412203, at *1 (E.D. Cal. Feb. 13, 2026) (noting that); *see also Quispe v. Chestnut*, No. 1:25-CV-2002 CSK, 2026 WL 654577, at *2 (E.D. Cal. Mar. 9, 2026) (explaining that "most federal courts that have directly addressed whether a noncitizen who has violated the Visa Waiver Program can be detained pursuant to § 1187(c)(2)(E) have held that § 1187(c)(2)(E) is not a valid basis for detention" and collecting cases).

The Court similarly rejects this argument here. And even assuming § 1187(c)(2)(E) authorizes Petitioner's detention, "Respondents' asserted compliance with the statute[] … does not demonstrate they have satisfied the requirements of the Due Process Clause." *Quispe*, 2026 WL 654577, at *3. As explained above, Petitioner has a liberty interest in his continued freedom regardless of the applicable statutory authority, and was entitled to process prior to its revocation. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same). Accordingly, Petitioner has shown a strong likelihood of success on his procedural due process claim.

The Petitioner has also made a sufficient showing as to the other factors that the Court must consider before granting a TRO. Unconstitutional deprivation of physical liberty constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors the Petitioner because the potential harm to the Petitioner from detention is significant, and the Government at most faces a short delay in detaining Petitioner if it ultimately demonstrates that detention of each is necessary to prevent flight or danger to the community. *See Bautista Pico v. Albarran*, No. 4:25-CV-08002-JST, ECF No. 5 at *6 (Sept. 19, 2025).

United States District Court
Eastern District of California

Accordingly, the Court ORDERS Respondents to immediately release Petitioner from their custody. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter at which the Government must show by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

By August 18, 2026, Respondents are orders to show cause, in writing, why a Preliminary Injunction should not issue. The response should indicate whether Respondents oppose the Court entering an order directly on the underlying petition. Petitioner may file a reply by August 20, 2026.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Noël Wise
United States District Judge